UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Jameelah Saleem,<br><br>           Plaintiff,<br><br>v.<br><br>Navient Solutions, LLC, and TransUnion, LLC,<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq*.)** |

## COMPLAINT

Comes now Plaintiff, Jameelah Saleem, by and through counsel undersigned, upon information and belief, herby complains as follows:

### I. INTRODUCTION

1.     This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on her consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

### II.     PARTIES

2.     Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of DeKalb, Georgia.

3.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4.     Defendant, Navient Solutions, LLC, (hereinafter "Navient") is a corporation existing and operating under the laws of the State of Georgia and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5.     Navient has the following designated service agent for service within the State of Georgia as follows: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

6.     At all times pertinent hereto, Navient was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

7.     Defendant, TransUnion LLC ("TransUnion") is a credit reporting agency, licensed to do business in Georgia, and has designated the following registered statutory agent: Prentice-Hall Corporation System, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

8.     Defendant Transunion is, and at all times relevant hereto was, regularly doing business in the State of Georgia.

9.     TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

10.     TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

11.     At all times pertinent hereto, Defendant Transunion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.     JURISDICTION AND VENUE

12.     That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

13.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the

Plaintiff resides in and the injury occurred in DeKalb County, Georgia and Defendants do business in Georgia.

14.     Personal jurisdiction exists over Defendants as Plaintiff resides in Georgia, Defendants have the necessary minimum contacts with the state of Georgia, and this suit arises out of specific conduct with Plaintiff in Georgia.

## IV.     FACTUAL ALLEGATIONS

15.     Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Navient, Experian, Equifax, and Transunion (collectively, "Defendants"), and has suffered particularized and concrete harm.

16.     TransUnion is one of the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

17.     The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

18.     TransUnion each has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

19.     On January 8th, 2024, Navient informed Plaintiff that, as a result of her student loan consolidation, the loans serviced by Navient had been paid in full and that no further balance was due and owing.

20.     In April 2025 Plaintiff discovered the Plaintiff's Navient accounts (the "Accounts") were being reported in error – specifically they were being reported as having a balance due after Plaintiff's Accounts had been consolidated and paid off.

21.     These inaccurate reported balances have become a permanent component of the Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

22.     Despite receiving the full benefit of the payment on the Accounts, Defendant Navient continues, erroneously, to report the Accounts with a balance to

Transunion, which are CRAs for Plaintiff's consumer report.

23.    The false information regarding the Accounts appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

24.    Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

25.    Despite the clarity and detail provided in the TransUnion Dispute (together, the "Written Dispute"), the account balances continued to appear on Plaintiff's TransUnion consumer reports.

26.    Upon information and belief, Transunion forwarded Plaintiff's Written Dispute to Defendant Navient.

27.    Upon information and belief, Navient received notification of Plaintiff's Written Dispute from TransUnion.

28.    Navient did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying Accounts information concerning the disputed information and the accuracy of the Accounts.

29.    TransUnion did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information concerning the disputed information and the accuracy of the Accounts.

30.    Upon information and belief, Navient failed to instruct TransUnion to remove the false information regarding the Accounts reporting on Plaintiff's consumer report.

31.    TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Written Dispute.

32.     At no point after receiving the Written Disputes did Navient and/or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Dispute.

33.     TransUnion relied on its own judgment and the information provided to it by Navient rather than grant credence to the information provided by the Plaintiff.

## COUNT I – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

34.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

35.     After receiving the Written Dispute, TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer reports.

36.     TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

37.     As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38.     TransUnion's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

39.     In the alternative, TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

40.     Plaintiff is entitled to recover costs and attorneys' fees from TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

41.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

42.     After receiving the Written Dispute, TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer reports.

43.     TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

44.     As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45.     TransUnion's conduct, action, and inaction were willful, rendering TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46.     In the alternative, TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

47.     Plaintiff is entitled to recover costs and attorneys' fees from Experian, Equifax, and Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – NAVIENT

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

48.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

49.     After receiving the Written Dispute, Navient failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

50.     Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Navient's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Navient's representations to consumer credit reporting agencies, among other unlawful conduct.

51.     As a result of this conduct, action, and inaction of Defendant Navient, Plaintiff suffered damages and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52.     Defendant Navient's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

53.     In the alternative, Defendant Navient was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

54.     Plaintiff is entitled to recover costs and attorney's fees from Defendant Navient pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks his statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:    July 21, 2025

> */s/ Esther Oise*
> Esther Oise, Esq. (GA Bar #686342)
> Oise Law Group PC
> 2635 Governors Walk Blvd.
> Snellville, GA 30078
> Email: oiselaw@gmail.com
> Telephone: (770) 895-3736
> Attorney for Plaintiff